UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DONYEA FOWLER | Case No. 3:18-CR-31 JD |

**OPINION AND ORDER**

After being found guilty at a jury trial, Donyea Fowler was convicted of six counts of robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, one count of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), and six counts of brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). This Court sentenced Mr. Fowler to 516 months imprisonment, consisting of 84 months for each of his § 924(c) convictions running consecutively and 12 months for the robbery and felon-in-possession convictions. Mr. Fowler filed a direct appeal of his conviction with the United States Court of Appeals for the Seventh Circuit. Mr. Fowler's appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), seeking to withdraw and indicating there were no non-frivolous issues to raise on appeal. The Seventh Circuit agreed that Mr. Fowler's appeal was frivolous, allowed his appointed counsel to withdraw, and dismissed the appeal after addressing certain issues on the merits.

Mr. Fowler has now filed a timely petition pursuant to 28 U.S.C. § 2255 (DE 121). The petition is fully briefed and ripe for adjudication. In this petition, Mr. Fowler asks the Court to vacate his conviction. Mr. Fowler requests this relief based on the alleged ineffective assistance by his trial counsel, Mr. Phillip Skodinski. Mr. Fowler alleges several specific deficiencies which will be addressed individually later in this order. Mr. Fowler's § 2255 petition also raises several

legal arguments previously addressed by the Seventh Circuit on direct appeal. Having carefully considered the entire record and for the reasons set forth below, the Court will deny Mr. Fowler's petition.

Mr. Fowler has separately filed a motion seeking to obtain the transcripts of trial and his grand jury proceedings, the pretrial discovery in his case, and the exhibits from his trial. (DE 133). For the reasons stated below, that motion will also be denied.

**A. Factual Background**

The facts underlying Mr. Fowler's conviction are that between December 2017 and February 2018, a man committed six armed robberies at liquor and convenience stores in South Bend, Indiana. The man wore a face mask, hoodie, sweatpants, mismatched gloves, and was armed with a chrome semi-automatic handgun. The robber stole cash, cigarettes, cigarillos, liquor, and lottery tickets. The robber also carried a blue satchel during several of the robberies. Each robbery was captured on surveillance video. Police also obtained surveillance video from a different store on the night of the first robbery showing a man wearing the same clothes as the robber, without a face mask, cashing one of the stolen lottery tickets. Based on tips from the public, police identified the robber as Donyea Fowler.

With this information the police obtained a warrant from an Indiana state judge to track the location of Mr. Fowler's cell phone. At this time Mr. Fowler also had an active warrant for cocaine possession. Police used the cell phone location information to locate Mr. Fowler. Upon locating him, officers observed Mr. Fowler entering the backseat of a car with two other people occupying the front seats. Police stopped the car and arrested Mr. Fowler. From the backseat of the car the police recovered a bottle of liquor, and cigarettes and cigarillos of the same brands as those that were stolen. The police impounded the car, which was rented by the driver, and

obtained a warrant to search the car. In searching the trunk of the car, officers found more cigarettes and cigarillos of the stolen brand, gloves, and a blue satchel with a chrome semi-automatic handgun inside.

### B. Standard of Review

Section 2255(a) of Title 28 provides that a federal prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [and] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

The Seventh Circuit has recognized that § 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (citation omitted). Further, "a Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (citation omitted). Relief under § 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo*, 467 F.3d at 1068). A court may also deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### C. Evidentiary Hearing

As there are no material facts in dispute in this case and Mr. Fowler is entitled to no relief as a matter of law, no evidentiary hearing is required. A court must hold a hearing on a § 2255 petition only if there are disputed facts set forth by affidavits and a disputed material issue. *Taylor v. United States*, 287 F.3d 658 (7th Cir. 2002). If the factual dispute is immaterial because the governing law is clear, no hearing is necessary. *Id.* Further, the court in which a prisoner files his § 2255 petition is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief …." *Sawyer v. United States*, 874 F.3d 276, 278 (7th Cir. 2017) (quoting 28 U.S.C. § 2255(b)). As discussed below, Mr. Fowler is entitled to no relief here, and therefore no evidentiary hearing need be held.

### D. Discussion

The Court will first address the issues previously resolved on direct appeal and then address Mr. Fowler's ineffective assistance claims.

#### (1) *Mr. Fowler is barred from raising arguments previously addressed by the Seventh Circuit on direct appeal*

Mr. Fowler attempts to relitigate several issues that were previously addressed by the Seventh Circuit on the direct appeal of his conviction. Mr. Fowler is barred from raising these arguments in his § 2255 petition and the Court will dismiss them accordingly.

Defendants are generally prohibited from raising issues previously addressed on direct appeal in a § 2255 petition unless they show there is new evidence or changed circumstances to consider. *Varela v. United States*, 481 F.3d 932, 935–36 (7th 2007); *Nelson v. United States*, 2021 WL 2715958, *2 (C.D. Ill. July 1, 2021) ("a petitioner bringing a § 2255 motion is barred

from raising … issues raised on direct appeal, absent some showing of new evidence or changed circumstances").

The first issue Mr. Fowler attempts to relitigate from his direct appeal is whether the officers conducting the traffic stop could rely on the plain view doctrine to obtain the evidence from the back seat of the car. Mr. Fowler argues they cannot because the traffic stop was predicated on the allegedly unlawful tracking of his cell phone location. This was partially the subject of a pre-trial motion to suppress. The Court will address the issue of the cellphone location data later in this order. To the extent Mr. Fowler is seeking to renew any other arguments related to the motion to suppress or the applicability of the plain view doctrine, he cannot do so. The issue was already addressed and rejected by the Seventh Circuit, and Mr. Fowler has not shown any changed circumstances or new evidence. *United States v. Fowler*, 2021 WL 3161822, *1–*2 (7th Cir. July 27, 2021).

The second argument Mr. Fowler attempts to revive is a claim of vindictive prosecution based on the fact the government filed a superseding indictment in his case. The Seventh Circuit has already indicated any such challenge would be frivolous. *Fowler*, 2021 WL 3161822 at *2. As Mr. Fowler has not argued there is new evidence or changed circumstances to consider, the Court will dismiss this claim.

The third argument Mr. Fowler attempts to renew is that Hobbs Act robbery cannot be considered a crime of violence. The Seventh Circuit has also previously addressed this argument and found it to be without merit. *Fowler*, 2021 WL 3161822 at *6. Mr. Fowler has not argued there are changed circumstances to consider and therefore the Court will dismiss this argument. Moreover, the Supreme Court recently reaffirmed that a completed Hobbs Act robbery, such as

the robberies at issue in this case, constitutes a crime of violence. *See United States v. Taylor*, 142 S.Ct. 2015, 2020 (2022).

### (2) *Mr. Fowler has not established deficient performance and prejudice for any of his claims, therefore his ineffective assistance claim will be dismissed*

Mr. Fowler alleges that his trial counsel, Mr. Skodinski, performed deficiently in five specific ways which amount to ineffective assistance of counsel.[1] The Court will address each alleged deficient act in turn and explain why none can sustain an ineffective assistance claim.

In order to establish ineffective assistance of counsel, a defendant must establish (1) their counsel's performance was deficient, and (2) that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On the prejudice prong, a petitioner must establish that "but for counsel's errors, there is a reasonable probability the result would have been different." *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016).

### (i) *There was no ineffective assistance from counsel's decision to not mount a Carpenter challenge to the cell phone location information warrant*

The first deficient performance Mr. Fowler alleges by his trial counsel was a failure to raise a motion to "challenge the warrant" allowing police to track his cellphone and determine his location.[2] Mr. Fowler's argument appears to be that one of the statutes cited on the warrant as

---

[1] The Court will note that prior to trial Mr. Fowler expressed his dissatisfaction with Mr. Skodinski, who was appointed substitute counsel at Mr. Fowler's request, and he repeatedly indicated an intent to obtain private counsel. Mr. Fowler ultimately never retained private counsel, or made any certain plans to retain new counsel in more than a year between his indictment and trial. A more thorough summary of these events is contained in the Court's order denying Mr. Fowler a fifth continuance. (DE 65.)

[2] The Court construes Mr. Fowler's argument about "challenging" the warrant as an argument that his counsel should have moved to suppress the evidence obtained by the warrant due to defects in the warrant itself. Specifically, that the traffic stop and evidence flowing from it are excludable because they are derived from the allegedly unlawful search of Mr. Fowler's real time cell site location information, which was used to locate him and initiate the traffic stop.

6

authority, 18 U.S.C. § 2703(d), does not require probable cause for a warrant and thus is incompatible with the Supreme Court's decision in *Carpenter v. United States*, 138 S.Ct. 2206 (2018) *Carpenter* held that the Fourth Amendment requires police obtain a warrant to access an individual's historical cell site location information.[3] *Id.* The Court finds this argument to be without merit.

In order to establish ineffective assistance based on failure to file a motion, the defendant must show that the motion would have been meritorious and that he would not have been convicted but for the counsel's error. *Baldwin v. United States*, 2019 WL 5064681, *2 (N.D. Ind. Oct. 9, 2019) (citing *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005)).

Mr. Fowler cannot meet this standard as this motion lacks merit for two reasons. First, Mr. Fowler is incorrect about the governing law and any motion to suppress raised on his proffered theory would fail as a matter of law. Second, Mr. Fowler is factually incorrect as the warrant was issued based on a probable cause finding.

The Court begins with the legal issue. Mr. Fowler's argument is premised on a kernel of truth, orders issued pursuant to 18 U.S.C. § 2703(d) to obtain *historical* cell site location information are constitutionally insufficient in light of *Carpenter*.[4] *United States v. Hammond*, 996 F.3d 374, 385 (7th Cir. 2021). However, Mr. Fowler cites no legal authority for the proposition that police must obtain a warrant in order to access real time cell site location

---

[3] Mr. Fowler also refers to a "void for vagueness" challenge to the warrant (DE 121-1 at 1) but never explains this comment or cites to any legal authority for it. The Court cannot discern what argument Mr. Fowler intended to make and thus finds any "void for vagueness" argument to be waived as underdeveloped.

[4] However, historical cell site data obtained pursuant to orders issued prior to *Carpenter* being decided on June 22, 2018, may still be admissible under the good faith exception to the warrant requirement. *Hammond*, 996 F.3d at 385. Mr. Fowler's warrant was issued on February 23, 2018. However, the Court has no occasion to analyze the good-faith exception here because, as explained elsewhere, *Carpenter* does not apply to the real-time location information at issue in this case and Mr. Fowler's data was obtained pursuant to a warrant based on a probable cause finding.

information. The Court has found that the governing legal authority actually supports the opposite position. *Carpenter* itself expressly declines to create the rule Mr. Fowler proposes and limited its holding to historical cell site location information. 138 S.Ct. at 2220. Subsequent to *Carpenter*, the Seventh Circuit has held that police use of real-time cell site location information to physically locate a defendant does not categorically constitute a search under the Fourth Amendment. *Hammond*, 996 F.3d at 391–92.

The Court finds *Hammond* directly governs Mr. Fowler's case. The relevant facts of *Hammond* involved the police using real-time cell site location information for a period of approximately six hours to locate the defendant. *Id.* at 390 The Seventh Circuit found this use of real-time cell phone location information did not violate *Carpenter*. *Id.* These facts are very similar to the instant case, where police obtained the warrant for Mr. Fowler's real time cell-site location information on February 23, 2018, and arrested him later that same day. (DE 121-1 at 3.) The main factual distinction between these cases is that the police in *Hammond* did not obtain a warrant for the real-time cell site location information, while the police did in this case. *Hammond*, 996 F.3d at 381. Therefore, even if the police had not obtained a warrant, there would have been no Fourth Amendment violation. As Mr. Fowler's proposed motion to suppress lacks legal merit, it would not have succeeded if it was filed, and therefore cannot be the basis for an ineffective assistance claim.

Furthermore, even if there was a warrant requirement for the data as Mr. Fowler alleges, that requirement would have been satisfied in this case. Police obtained Mr. Fowler's real-time cell site location information pursuant to a warrant issued by an Indiana state judge. That warrant, on its face, indicates that it was made based on a finding of probable cause. (DE 121-2

8

at 6.) This is buttressed by the warrant indicating it was issued "pursuant to" Indiana Code § 35-33-5-12, which requires a court to make a probable cause finding before authorizing the use of real time tracking instruments. (*Id.* at 6, 9.) Mr. Fowler acknowledges the validity of this warrant is uncontested. (DE 127 at 3.) Therefore, it is uncontested that Mr. Fowler's cell site location information was obtained pursuant to a warrant issued upon a finding of probable cause by an Indiana judge.

Accordingly, any motion to suppress alleging the warrant was not based on probable cause would have been frivolous and failed if filed. It is not deficient performance for an attorney to opt against filing frivolous motions. *Baldwin*, 2019 WL 5064681, *2 (*Citing United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003) (overruled on other grounds by *Lockhart v. United States*, 136 S.Ct. 958 (2016)). Further, this motion could not have changed the outcome of Mr. Fowler's trial as it would have been denied. As such, Mr. Fowler has failed to establish an ineffective assistance claim based on Mr. Skodinski not making this motion.

(ii) *Mr. Fowler has not articulated a conflict of interest or explained how that conflict affected his trial counsel's performance*

Mr. Fowler also alleges Mr. Skodinski provided ineffective assistance due to a conflict of interest. The Court finds Mr. Fowler has not established ineffective assistance through this claim either.

In order to claim ineffective assistance because of a conflict of interest the defendant must establish (1) that an actual conflict of interest exists and (2) that the conflict adversely affected his lawyer's performance. *United States v. Coscia*, 4 F.4th 454, 475 (7th Cir. 2021). Further, there is a presumption that a lawyer will "'subordinate his pecuniary interests and honor his primary professional responsibility to his clients in the matter at hand.'" *Id.* at 476 (quoting

*United States v. Jeffers*, 520 F.2d 1256, 1265 (7th Cir. 1975). Mr. Fowler has failed to prove either element.

First, Mr. Fowler has not explained what conflict of interest exists. Mr. Fowler alleges Mr. Skodinski previously represented him in an unrelated state court proceeding. Mr. Fowler indicates he was dissatisfied with Mr. Skodinski's performance and ultimately terminated Mr. Skodinski for "not challenging warrants." (DE 121-1 at 2). Mr. Fowler alleges that Mr. Skodinski was later assigned to him in this case by the Federal Public Defender.[5] Mr. Fowler does not provide any further explanation on why this prior interaction constitutes a conflict of interest. Phrased differently, he does not explain what other interest of Mr. Skodinski's was in competition with his professional duty to Mr. Fowler.

The Court could infer Mr. Fowler is arguing that Mr. Skodinski bore some animosity towards him after being terminated from the state court matter and that animosity negatively impact his performance of Mr. Fowler. However, Mr. Fowler has not offered any evidence Mr. Skodinski possessed any such animus. The Court finds Mr. Fowler's conclusory assertions of a conflict of interest fail to rebut the presumption that Mr. Skodinski honored his professional duty and faithfully served Mr. Fowler's interests.

Second, Mr. Fowler has not explained how the conflict adversely affect his lawyer's performance. In other words, he has not explained what behavior of Mr. Skodinski would have been different absent the alleged conflict. *Coscia*, 4 F.4th at 475 (Adverse effect can be shown by establishing that, but for the attorney's conflict of interest, the attorney's performance somehow would have been different).

---

[5] The Court would once again note that Mr. Skodinski was Mr. Fowler's second federal public defender, and was assigned after Mr. Fowler requested a substitution of counsel from the Court. (*See* DE 65 at 1; DE 18, 20, 21.)

As such, the Court finds Mr. Fowler has not established an ineffective assistance claim based on a conflict of interest.

### (iii) *Counsel's choice to not call a DNA expert witness does not constitute ineffective assistance*

Mr. Fowler next argues that Mr. Skodinski failing to call the DNA expert Dr. Reich constitutes ineffective assistance and a violation of his Due Process rights. Dr. Reich was an expert recruited by defense counsel to evaluate the government's evidence of Mr. Fowler's DNA on the handgun. (DE 46, 54.)

A lawyer's decision to call or not to call a witness is generally a strategic decision which is not subject to review. *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997). To bring a claim that counsel was deficient for failing to call witnesses at trial, a defendant must make a "specific, affirmative showing as to what the missing … testimony would have been." *United States v. Jones*, 2021 WL 4453740, *6 (N.D. Ind. Sept. 29, 2021) (internal citations and quotations omitted).

Mr. Fowler has not made such a showing and therefore his claim must fail. Mr. Fowler does not provide even a general description of what Dr. Reich's testimony would have been or how it would have affected the outcome of his trial. Therefore, the Court cannot conclude Mr. Skodinski's choice was anything but a strategic decision. Mr. Fowler asserts, without evidence or explanation, that there was no strategic value in the choice to not call this expert. However, this conclusory assertion, absent any discussion of the witness' proposed testimony is insufficient to establish Mr. Skodinski performed deficiently. Furthermore, Mr. Fowler has not established this decision prejudiced his case as he has not explained how calling this expert witness would have affected the outcome of his trial.

Mr. Fowler's due process argument is a conclusory assertion that his due process rights were violated, coupled with a citation to *Ake v. Oklahoma*, 470 U.S. 68 (1985). Mr. Fowler does not explain how *Ake* relates to his case. *Ake* dealt with an indigent defendant being denied access to an expert psychiatrist at the expense of the state. *Id.* at 72. At the outset, *Ake* is inapposite to the instant case as the Court granted Mr. Fowler permission to retain an expert to review the government's evidence of DNA matching Mr. Fowler's being on the firearm. (DE 54.) Absent further explanation, the Court finds that *Ake* has no bearing on Mr. Fowler's case.

As Mr. Fowler has not established either deficient performance or prejudice as it relates to the DNA expert witness, he has not established ineffective assistance of counsel.

> (iv) *Mr. Fowler has not established that his counsel's decision to not file a motion in limine prejudiced him*

Mr. Fowler's next argument is that Mr. Skodinski committed ineffective assistance by not filing a motion *in limine*. Mr. Fowler alleges that he requested Mr. Skodinski file that motion, Mr. Skodinski promised to do so, but ultimately never did. (DE 121-1 at 6.) Mr. Fowler's §2255 petition includes, as exhibits, what he identifies as the proposed motion *in limine* (DE 121-2 at 31–32) and a letter dated May 20, 2019, from Mr. Skodinski indicating he was aware of Mr. Fowler's request and explaining his reluctance to file the motion (DE 121-2 at 30).

The Court will begin by clarifying the factual record. This proposed motion *in limine* was in fact filed by Mr. Skodinski on November 15, 2018. (DE 40.) Mr. Skodinski subsequently moved to withdraw that motion (DE 41) and the Court granted that motion to withdraw (DE 42). The motion sought to exclude the firearm found in the trunk of the car from being used as evidence at trial, arguing there was no evidence connecting the firearm to Mr. Fowler or its use in the robberies. (DE 40). In withdrawing the motion, Mr. Skodinski acknowledged there was

some evidence linking the firearm to his client even though he intended to dispute that evidence at trial. (DE 41.) Mr. Skodinski's May 2019 letter then explains this to Mr. Fowler, indicating that the gun is relevant evidence because Mr. Fowler's DNA was found on the gun, and the gun was similar to the one used in the robbery. (DE 121-2 at 30.) Mr. Skodinski then told Mr. Fowler that there were several arguments to be made at trial contesting this evidence. (*Id.*)

As previously stated, in order to establish ineffective assistance based on failure to file a motion, the defendant must show that the motion would have been meritorious and that he would not have been convicted but for the counsel's error. *Baldwin*, 2019 WL 5064681, *2.

Mr. Fowler cannot make this showing regarding the proposed motion *in limine*. The record clearly shows that Mr. Skodinski filed the motion and then chose to withdraw this motion because he considered it to be frivolous. He then made the strategic choice to challenge the evidence at issue during trial. As the Court has previously stated, it is not deficient performance to opt against filing frivolous motions. *Baldwin*, 2019 WL 5064681 at *2. Mr. Fowler has provided no explanation of why this proposed motion had merit or why Mr. Skodinski's assessment was incorrect. In its own judgement, the Court finds that the proposed motion would lack merit for the reasons Mr. Skodinski cited. The gun recovered from the trunk of the car was similar to the one used in the robbery which made it relevant to the question of whether Mr. Fowler possessed the firearm and whether it was the one used in the crime. The gun would be admissible evidence for resolving these questions. Furthermore, the fact Mr. Fowler's DNA was found on the gun also makes it relevant to these questions. Therefore, Mr. Fowler has not established that Mr. Skodinski's decision to withdraw this motion was deficient performance, or that he was prejudiced by that act, and therefore this ineffective assistance claim will also fail.

The Court would also note that, even if Mr. Skodinski's performance had been deficient, Mr. Fowler has not established prejudice in his case as there was substantial evidence of his guilt which would support the jury verdict. *See Armfield v. Nicklaus*, 985 F.3d 536, 548 (7th Cir. 2021). Specifically, the surveillance footage from the night of the first robbery showed Mr. Fowler in the same clothes as the robber redeeming one of the stolen lottery tickets almost immediately after the robbery. (*See* DE 113-2 at 2.) And Mr. Fowler was found in the backseat of a car during execution of an arrest warrant in possession of numerous items taken during the robberies. (*Id.*)

(v) *Mr. Fowler has not established that the circumstances of his case constitute a violation of his Sixth Amendment rights under United States v. Cronic*

In discussing his ineffective assistance claim, Mr. Fowler's reply brief makes several references to "Cronic" violations or the "Cronic standard" without explaining what he is referring to. The Court infers he is referring to the case of *United States v. Cronic*, 466 U.S. 648 (1984), a Supreme Court case which involved an ineffective assistance claim.

At the outset the Court finds any argument related to *Cronic* to be waived for two reasons. First, this argument is waived because it was not raised until his reply brief. *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) ("[A]rguments raised for the first time in [a] reply brief are waived because they leave no chance to respond"). Second, this argument is waived as underdeveloped because Mr. Fowler does not cite to the case or any other legal authority in support of his "Cronic" claims. Further, Mr. Fowler never develops his arguments beyond conclusory assertions that his counsel's performance runs afoul of the *Cronic* standard. *Shipley v. Chi. Bd. of Election Comm'rs*, 947 F.3d 1056, 1062–63 (7th Cir. 2020) (Arguments that are underdeveloped, cursory, and lack supporting authority are waived).

Even if Mr. Fowler's arguments were not waived, and are in fact premised on *Cronic*, those claims would fail on the merits. *Cronic* holds that the Sixth Amendment requires that counsel act "in the role of an advocate" and if the adversarial criminal trial process breaks down that would violate the constitutional guarantee. 466 U.S. at 656. The Court in *Cronic* also noted that there are circumstances which are so likely to prejudice the accused that prejudice can be assumed without litigating how it affected a specific case. *Id.* at 658. These circumstances include the complete denial of counsel, or where the appointment of counsel was so indefinite, or so close upon trial, that it functionally precluded effective assistance. *Id.* at 659–60.

Assuming that Mr. Fowler intended to argue that the overall circumstances of his case are so likely to prejudice him that the court should find he had ineffective assistance, the Court finds that argument would fail.[6] This argument would fail because there can be no showing that the adversarial process broke down in his trial. The record clearly indicates he was not denied counsel, and the Court cannot find that the nature of his counsel's appointment would functionally make him incapable of providing effective assistance. In discussing his *Cronic* claim, he briefly refers back to his more specific ineffective assistance claim regarding the DNA expert, but the Court has already explained why that issue does not constitute ineffective assistance. To the extent Mr. Fowler may be attempting to argue that the collective effect of his specific ineffective assistance claims rise to the level of a *Cronic* violation, the Court has individually discussed why each of those individual claims fail. As such, the Court finds that Mr. Fowler has not established an ineffective assistance claim premised on *United States v. Cronic*.

---

[6] Once again, the Court is unsure what Mr. Fowler intended to argue by referring to *Cronic* and will only attempt limited inferences at potential arguments.

The Court finds that none of the alleged errors by Mr. Fowler's counsel constitute deficient performance and that Mr. Fowler has not established he was prejudiced by any of them. Accordingly, the Court finds that Mr. Fowler has not established his counsel was ineffective and his § 2255 petition on those claims will be dismissed.

### (3) *The Court will not issue a certificate of appealability*

The Court also declines to issue a certificate of appealability. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see Young v. United States*, 523 F.3d 717 (7th Cir. 2008). For the reasons the Court already discussed in denying the motion, the Court does not believe that the resolution of this motion is debatable or that the issues deserve encouragement to proceed further.

The Court advises Mr. Fowler, though, that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. If Mr. Fowler wishes to appeal this judgment, a notice of appeal must be filed within 60 days after the judgment is entered. Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts; Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006).

**E. Mr. Fowler's motion for documents and transcripts will be denied**

More than three months after his § 2255 petition was ripe for ruling, Mr. Fowler filed a motion seeking several groups of documents from the Court (DE 133.) Specifically, Mr. Fowler seeks the "transcripts, discovery, and exhibits from [his] jury trial" and "grand jury transcripts." (*Id.*)

Mr. Fowler's motion regarding the discovery and exhibits from his jury trial will be denied as the Court does not have those documents in its possession. The pretrial discovery materials would most likely be in the possession of Mr. Fowler's trial counsel, and the exhibits from his trial have been returned to the United States Attorney's Office (DE 116).

Mr. Fowler's request for the voluminous trial transcripts will be denied. As Mr. Fowler's direct appeal has concluded he has no constitutional right to free transcripts. *United States v. Zawada*, 2009 WL 1863982, *1 (N.D. Ind. June 25, 2009). Statute authorizes transcripts to be prepared at government expense in proceedings brought under § 2255 if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Mr. Fowler does not provide any explanation for why the transcript is needed to decide the issues presented in his § 2255 petition or suggest what portions of the hundreds of pages of transcript would even be relevant to his § 2255 claims. Therefore, the Court will not provide this certification and Mr. Fowler's request for free copies of his trial transcripts is denied.[7]

---

[7] The Court will note that the trial transcripts have been previously prepared for Mr. Fowler's appeal. Mr. Fowler may obtain copies of them, at his personal expense, through PACER. (*See* DE 107–111; DE 111 ("Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date [2/11/2020] it may be obtained through PACER."))

Mr. Fowler's request for "grand jury transcripts" will also be denied as he has not established a basis for releasing grand jury materials. Federal Rule of Criminal Procedure 6(e) codifies a centuries-old requirement that grand jury proceedings be kept secret. *United States v. Griggs*, 2010 WL 4630841, *2 (N.D. Ind. Nov. 3, 2010) (citing *In Re EyeCare Physicians of Am.*, 100 F.3d 514, 518 (7th Cir. 1996)). This is because the judicial system has recognized that proper function of the grand jury system depends on their absolute secrecy. *Id.* That being said, Rule 6(e) and the related caselaw have recognized exceptions to this rule. To obtain grand jury material, despite that presumption of secrecy, "a litigant must show that the information 'is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed.'" *United States v. Campbell*, 324 F.3d 497, 498–99 (7th Cir. 2003) (citing *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979)).

Mr. Fowler has failed to make any of these three showings and satisfy the rigorous standard for obtaining such material. Mr. Fowler requests "grand jury transcripts" without any explanation or further specification which is insufficient to carry his burden. (DE 133.) *See United States v. Cephus*, 2013 WL 1069494, *2 (N.D. Ind. 2013) ("Grand jury secrecy may not be broken except where the party seeking disclosure can show a 'compelling necessity' or a 'particularized need.' (citing *Matter of Grand Jury Proceedings, Special Sept. 1986*, 942 F.2d 1195, 1198 (7th Cir. 1991)). Mr. Fowler has not explained why the grand jury testimony is needed to avoid a possible injustice in this proceeding, that the need for disclosure is greater the need for continued secrecy, or that request is narrowly drawn to cover only the needed material. Therefore Mr. Fowler's request for grand jury materials will be denied.

As the Court either lacks possession of the documents requested in the motion or Mr. Fowler is not entitled to these documents, his motion will be denied.

**F. Conclusion**

The Court DENIES Mr. Fowler's motion for relief under § 2255 for the reasons contained herein (DE 121). The Court also DENIES Mr. Fowler's motion for trial and grand jury documents (DE 133).

SO ORDERED.

ENTERED: December 12, 2022

               /s/ JON E. DEGUILIO
               Chief Judge
               United States District Court